CT Corporation

**Service of Process Transmittal**
09/23/2021
CT Log Number 540297623

TO:   Kim Lundy- Email
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

RE:   **Process Served in Georgia**

FOR:   Sam's East, Inc.  (Domestic State: AR)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Beasley Ronald // To: Sam's East, Inc. |
| **DOCUMENT(S) SERVED:** | Entry, Summons, Complaint, First Request(s), First Interrogatories |
| **COURT/AGENCY:** | State Court of Chatham County, GA<br>Case # STCV2101775 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 09/20/2019, Store #4820, at 15 Mill Creek Cir., Pooler, Chatham County, Georgia 31322 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company (FL), Cumming, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/23/2021 at 14:26 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Andrew A. Zemany<br>Tate Law Group, LLC<br>25 Bull Street, 2nd Floor<br>Savannah, GA 31401<br>912-234-3030 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/23/2021, Expected Purge Date: 09/28/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company (FL)<br>106 Colony Park Drive<br>STE 800-B<br>Cumming, GA 30040<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

SHERIFF'S ENTRY OF SERVICE     SC-85-2     SC-TOC CASH & BERRY CO., COVINGTON, GA 30015

Civil Action No. STeV21-01775

Date Filed 9-15-21

| Superior Court | ☐ | Magistrate Court. | ☐ |
| State Court | ☒ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Georgia, __Chatham__ COUNTY

__Donald Beasley__

_____ Plaintiff

VS.

**Attorney's Address**

Tab Law Group LLC
25 Bull St, 2nd Fl.
Savannah GA 31401

**Name and Address of Party to be Served.**

Sam's Cost, Inc. C/O The Corporation Company
1010 Atlanta Park Dr. Ste. 600 B
Cumming GA 30040

Sam's East, Inc d/b/a
Sam's Club

_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐   I have this day served the defendant _____ personally with a copy of the within action and summons.

_____

**NOTORIOUS** ☐   I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches. domiciled at the residence of defendant.

**CORPORATION** ☒   Served the defendant _____ Corporation _____ a corporation by leaving a copy of the within action and summons with _____ Wyman Walker _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐   I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐   Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 22 day of __SP__, 20 21.

_____
DEPUTY

SHERIFF DOCKET _____ PAGE _____

# In The State Court of Chatham County

133 Montgomery Street, Room 501, Savannah, GA 31401

www.statecourt.org  •  Phone (912) 652-7224  •  FAX (912) 652-7229  •  clerk@statecourt.org

| RONALD BEASLEY, | STCV21-01775 |
|---|---|
| Plaintiff | Case Number |

**Vs**

| SAM'S EAST, INC. d/b/a SAM'S CLUB, | Address of Defendant |
|---|---|
| | Sam's East, Inc.<br>c/o The Corporation Company<br>106 Colony Park Drive, Ste. 800-B<br>Cumming, Georgia 30040-2794 |
| Defendant | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: SAM'S EAST, INC. d/b/a Sam's Club c/o The Corporation Company

Defendant's Address 106 Colony Park Drive, Ste. 800-B, Cumming, Georgia 30040-2794

**You are hereby summoned and required to efile** (https://georgia.tylerhost.net/ofsweb/) with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Tate Law Group, LLC
25 Bull Street, 2nd Floor
Savannah, GA 31401

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

*Brian K. Hart*

**CLERK OF COURT**
**State Court of Chatham County**

Not valid until
signed and sealed
by a Deputy Court
Clerk

/s/ Moneisha Green

Deputy Clerk, State Court of Chatham County



27. Summons 03-24-2021

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 9/15/2021 10:47 AM

*Brian K. Hart* -Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

RONALD BEASLEY

      Plaintiff,

v.

SAM'S EAST, INC. d/b/a Sam's Club

      Defendant.

Civil Action No.  STCV21-01775

Jury Trial Demanded

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff Ronald Beasley and files this Complaint against Sam's East, Inc.

(hereinafter "Sam's Club") showing to the Court as follows:

### I.   JURISDICTION AND VENUE

1. At all times relevant hereto, Plaintiff was resident of Effingham County.

2. Defendant Sam's East, Inc. is a foreign corporation authorized to transact business within

   the State of Georgia.

3. Defendant may be served through their registered agent, The Corporation Company (FL) at

   106 Colony Park Drive, Ste. 800-B, Cumming, Georgia 30040-2794.

4. Defendant maintains and transacts business at a retail store #4820 located at 15 Mill Creek

   Cir., Pooler, Chatham County, Georgia 31322, where Plaintiff's injury occurred.

5. Jurisdiction and venue are proper before this Court.

### II.   FACTUAL ALLEGATIONS

6. Plaintiff renews and reaffirm herein each and every allegation of all preceding paragraphs.

7. On or about September 20, 2019, Plaintiff was shopping at defendant's location.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 9/15/2021 10:47 AM          *Brian M. Hurt* Clerk of Court

8.    At some point in his visit to the store, Plaintiff purchased food and beverage from the vendor located within the store.

9.    Plaintiff attempted to fill his beverage at the drink fountain location adjacent to the seating area for diners.

10.   In doing so Plaintiff traversed, for the first time, a path through the seating area in order to reach the drink fountain.

11.   Suddenly and unexpectedly, Plaintiff slipped on what is believed to be another customers beverage.

12.   As a result of the fall, Plaintiff fell to the ground suffering injury to his person.

13.   Defendant had not given or posted any warnings to indicate the existence of the hazard.

14.   In the minutes leading up to Plaintiff's fall Defendant had no less than two employees in the immediate area of the hazard then existing with at least one of them directly traversing the then existing hazard.

15.   At all times mentioned, Defendant was in possession of the above-described premises and operated Sam's Club retail operation.

### III. CAUSES OF ACTION

### NEGLIGENCE

16.   Plaintiff renews and reaffirms herein each and every allegation of all preceding paragraphs.

17.   Defendant had a duty to exercise ordinary care in keeping the premises and approaches safe for their invitees, including Plaintiff.

18.   Defendant breached this duty owed to Plaintiff by including but not limited to:

       a.    failing to cleaning the floor of debris and other liquid hazards;

-2-

' RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 9/15/2021 10:47 AM        *Brian K. Hart* -Clerk of Court

b.       failing to warn of the hazards then existing;

c.       failing to maintain the dining area in a clean and safe manner;

d.       failing to take appropriate steps to remedy the hazardous condition; and

e.       failing to follow defendant's own policies and procedures regarding the cleaning

and removal of hazardous conditions.

19.   Defendant acted recklessly, carelessly, and with total disregard of the rights and safety of

Plaintiff through their acts and omissions

20.   Defendant's acts and omissions caused a dangerous hazardous condition to exist on the

premises, to wit, the accumulation of liquid on the floor.

21.   Defendant had both actual and constructive notice of the above condition(s).

22.   Plaintiff  was in no way negligent nor contributed to his fall.

23.   Plaintiff was wholly unaware of any hazards then existing immediately prior to his fall.

24.   Defendant maintained superior knowledge of the hazard to that of Plaintiff.

25.   The negligence of Defendant was the direct and proximate cause of the fall and injury of

Plaintiff.

**WHEREFORE,** Plaintiff pray:

(A)    That Summons and Process be issued and served upon Defendant;

(B)    For a trial by a jury;

(C)    That Plaintiff recover an amount sufficient to compensate him for his past,

present, and future medical expenses;

(D)    That Plaintiff recover an amount sufficient to compensate him for his past,

present, and future pain and suffering;

,RECEIVED FOR FILING. STATE COURT CLERK CHATHAM CO. GA, 9/15/2021 10:47 AM        *Brian K. Hart* -Clerk of Court

(E)     That the Plaintiff be awarded attorneys' fees and all costs of litigation against

        Defendant;

(F)     That Plaintiff recover such other and further relief as this Court deems just and

        proper.

This 15th day of September, 2021.


                                        /s/ Andrew A. Zemany
                                        Mark A. Tate
                                        State Bar No. 698820
                                        marktate@tatelawgroup.com
                                        Andrew A. Zemany
                                        State Bar No. 459060
                                        azemany@tatelawgroup.com

TATE LAW GROUP, LLC
25 Bull Street, 2nd Floor
Savannah, Georgia 31401
912-234-3030
912-234-9700 (fax)

-4-

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

RONALD BEASLEY,                    )
                                        )
       Plaintiff,                  )
                                        )
v.                                   )       CIVIL ACTION
                                   )       FILE NO. STCV21-01775
SAM'S EAST, INC. d/b/a SAM'S CLUB   )
                                   )
       Defendant.              )

### ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Sam's East, Inc d//b/a Sam's Club, and files this Answer and

Defenses to Plaintiff's Complaint and shows the Court as follows:

### First Defense

Pending additional investigation and discovery, Defendant affirmatively preserves any

and all defenses based on the doctrine of laches and/or the applicable statute of limitations.

### Second Defense

Pending additional investigation and discovery, Defendant states that Plaintiff's alleged

injuries and damages were caused or contributed to by Plaintiff's actions.

### Third Defense

Pending additional investigation and discovery, Defendant states that Plaintiff's alleged

injuries and damages were caused or contributed to by an unknown party's or parties' actions.

### Fourth Defense

Pending additional investigation and discovery, Defendant denies all allegations of

failure to warn.

RECEIVED FOR FILING, STATE COURT OF CHATHAM CO. GA, 10/14/2021 1:01 PM

Brian A. Hart -Clerk of Court

**Fifth Defense**

Defendant breached no duty owed to Plaintiff.

**Sixth Defense**

Defendant denies that Defendant or Defendant's agents or employees were negligent in any way in connection with the incident which is the subject of this litigation.

**Seventh Defense**

Plaintiff may not recover against Defendant because no act or omission of Defendant was the legal cause or the proximate precipitating cause of Plaintiff's alleged injuries and damages.

**Eighth Defense**

Pending additional investigation and discovery, Defendant asserts the defenses of contributory and comparative negligence.

**Ninth Defense**

Plaintiff may not recover against Defendant due to Plaintiff's equal or superior knowledge of any condition which he alleges resulted in this event.

**Tenth Defense**

Plaintiff failed to exercise ordinary care for his own safety.

**Eleventh Defense**

Defendant denies any and all allegations regarding negligent inspection and maintenance.

**Twelfth Defense**

Plaintiff is not entitled to any special damages to the extent that Plaintiff has failed to specifically plead them in accordance with O.C.G.A. § 9-11-9(g).

**Thirteenth Defense**

Plaintiff is not entitled to attorney's fees, expenses, post-judgment interest or pre-judgment interest under the facts of this case.  Further, Defendant preserves all rights against Plaintiff to the extent these claims are asserted without any justifiable basis in fact or law. If Plaintiff's claims are determined to be false or fraudulent, Defendant reserves the right to seek all sanctions against all persons allowed by law.

**Fourteenth Defense**

Pending further investigation and discovery, Defendant reserves the right to assert all affirmative defenses available under the Georgia Civil Practice Act.

**Fifteenth Defense**

Plaintiff's Complaints fails to state a claim upon which relief can be granted.

**Sixteenth Defense**

In answer to the specific allegations of Plaintiff's Complaint, Defendant shows the Court as follows:

**I.  JURISDICTON AND VENUE**

1.      At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and, as such, those allegations are automatically denied and Defendant places Plaintiff on strict proof of same.

2.      The allegations contained in Paragraph 2 of Plaintiff's Complaint are admitted, generally.  However, Defendant denies any inference or allegation of liability.

3.      The allegations contained in Paragraph 3 of Plaintiff's Complaint are admitted, generally.  However, Defendant denies any inference or allegation of liability.

4.      In response to the allegations contained in Paragraph 4 of Plaintiff's Complaint,

Defendant admits only that it transacts business at said location.  At this time, Defendant is

without information sufficient to admit or deny the remaining allegations contained in Paragraph

4 of Plaintiff's Complaint and, as such, those allegations are automatically denied and Defendant

places Plaintiff on strict proof of same.

5.      The allegations contained in Paragraph 5 of Plaintiff's Complaint are admitted,

generally.  However, Defendant denies any inference or allegation of liability.

## II. FACTUAL ALLEGATIONS

6.      In response to the allegations contained in Paragraph 6 of Plaintiff's Complaint,

Defendant incorporates by reference its responses to all preceding paragraphs.

7.      The allegations contained in Paragraph 7 of Plaintiff's Complaint are admitted,

generally.  However, Defendant denies any inference or allegation of liability.

8.      The allegations contained in Paragraph 8 of Plaintiff's Complaint are admitted,

generally.  However, Defendant denies any inference or allegation of liability.

9.      The allegations contained in Paragraph 9 of Plaintiff's Complaint are admitted,

generally.  However, Defendant denies any inference or allegation of liability.

10.     At this time, Defendant is without information sufficient to admit or deny the

allegations contained in Paragraph 10 of Plaintiff's Complaint and, as such, those allegations are

automatically denied and Defendant places Plaintiff on strict proof of same.

11.     In response to the allegations contained in Paragraph 11 of Plaintiff's Complaint, Defendant admits only that Plaintiff slipped on what appears to be another customer's beverage. At this time, Defendant is without information sufficient to admit or deny the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint and, as such, those allegations are automatically denied and Defendant places Plaintiff on strict proof of same.

12.     In response to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendant admits only that video of the incident shows that Plaintiff fell to the floor.  At this time, Defendant is without information sufficient to admit or deny the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint and, as such, those allegations are automatically denied and Defendant places Plaintiff on strict proof of same.

13.     At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint and, as such, those allegations are automatically denied and Defendant places Plaintiff on strict proof of same.

14.     At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint and, as such, those allegations are automatically denied and Defendant places Plaintiff on strict proof of same.

15.     The allegations contained in Paragraph 15 of Plaintiff's Complaint are admitted, generally.  However, Defendant denies any inference or allegation of liability.

### III. CAUSES OF ACTION

### NEGLIGENCE

16.     In response to the allegations contained in Paragraph 16 of Plaintiff's Complaint, Defendant incorporates by reference its responses to all preceding paragraphs.

17.     The allegations contained in Paragraph 17 of Plaintiff's Complaint call for Defendant to reach a conclusion of law in forming a response and, as such, no response is required.  However, Defendant denies that it breached any duties which may have been owed.

18.     The allegations contained in Paragraph 18 of Plaintiff's Complaint, and the subparts thereto, are denied.

19.     The allegations contained in Paragraph 19 of Plaintiff's Complaint are denied.

20.     The allegations contained in Paragraph 20 of Plaintiff's Complaint are denied.

21.     The allegations contained in Paragraph 21 of Plaintiff's Complaint are denied.

22.     At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint and, as such, those allegations are automatically denied and Defendant places Plaintiff on strict proof of same.

23.     At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint and, as such, those allegations are automatically denied and Defendant places Plaintiff on strict proof of same.

24.     The allegations contained in Paragraph 24 of Plaintiff's Complaint are denied.

25.     The allegations contained in Paragraph 25 of Plaintiff's Complaint are denied.

26.     Defendant denies that Plaintiff is entitled to the relief requested in his prayers for relief and the subparts thereto.

27.     Any remaining allegations which have not been admitted, denied, or otherwise responded to are hereby denied.

**.DEFENDANT HEREBY DEMANDS TRIAL BY JURY OF TWELVE REGARDING ANY ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION.**

*Brian A. Hart* -Clerk of Court

Having fully answered, Defendant prays that it be discharged with all costs cast against

Plaintiff.

Respectfully submitted, this 21st day of October, 2021.

**DREW, ECKL & FARNHAM, LLP**

*/s/ Garret W. Meader*

Garret W. Meader
Georgia Bar No. 142402
*Attorney for Defendant*

777 Gloucester Street
Suite 305
Brunswick, Georgia  31520
(912) 280-9662
MeaderGr@deflaw.com

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

RONALD BEASLEY,                    )
                                   )
      Plaintiff,                  )
                                   )
v.                                 )          CIVIL ACTION
                                   )          FILE NO. STCV21-01775
SAM'S EAST, INC. d/b/a SAM'S CLUB  )
                                   )
      Defendants.                 )

## CERTIFICATE OF SERVICE

This is to certify that I have this day forwarded, via Statutory Electronic Service via filing

with Odyssey, a true and correct copy of the foregoing *Answer and Defenses to Plaintiff's*

*Complaint* to the following counsel of record, addressed as follows

azemany@tatelawgroup.com
Andrew A. Zemany
Tate Law Group, LLC
25 Bull Street 2nd Floor
Savannah, GA 31401

This 21st day of October, 2021.

**DREW, ECKL & FARNHAM, LLP**

*/s/ Garret W. Meader*

Garret W. Meader
Georgia Bar No. 142402
*Attorney for Defendant*

777 Gloucester Street
Suite 305
Brunswick, Georgia,31520
(912) 280-9662
MeaderGr@deflaw.com

IN THE STATE COURT OF CHAHAM COUNTY
STATE OF GEORGIA

RONALD BEASLEY,                      )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )      CIVIL ACTION
                                     )      FILE NO. STCV21-01775
SAM'S EAST, INC. d/b/a SAM'S CLUB    )
                                     )
        Defendants.                  )

## DEFENDANTS' RULE 5.2 CERTIFICATE OF DISCOVERY

Defendants Sam's East, Inc d/b/a Sam's Club by and through the undersigned counsel,

files this Certificate Pursuant to Uniform Court Rule 5.2 and shows that on October 25, 2021,

opposing counsel was duly served with a copy of the following:

- Defendants' First Interrogatories to Plaintiff
- Defendants' First Request for Production of Documents to Plaintiff and Notice to
  Produce at Trial.
- Defendant's First Request for Admissions

Said documents were placed in an envelope, with adequate postage affixed therein, in the

United States Mail addressed to:

> Andrew A. Zemany
> Tate Law Group, LLC
> 25 Bull Street 2nd Floor
> Savannah, GA 31401

This 26th day of October 2021.

**DREW, ECKL & FARNHAM, LLP**


*/s/ Garret W. Meader*
Garret W. Meader
Georgia Bar No. 142402
*Attorneys for Defendants*

777 Gloucester Street
Suite 305
Brunswick, GA  31520
(912) 280-9662
meaderg@deflaw.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served all parties with the foregoing **DEFENDANTS' RULE 5.2 CERTIFICATE OF DISCOVERY** using the Court's electronic filing system, which automatically sends notice to the following counsel(s) of record:

Andrew A. Zemany
Tate Law Group, LLC
25 Bull Street 2nd Floor
Savannah, GA 31401

This 26th day of October, 2021.

**DREW, ECKL & FARNHAM, LLP**

/s/ Garret W. Meader
Garret W. Meader
Georgia Bar No. 142402
*Attorneys for Defendants*

777 Gloucester Street
Suite 305
Brunswick, GA 31520
(912) 280-9662
meaderg@deflaw.com