IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RONALD BEASLEY,<br><br>    Plaintiff,<br><br>v.<br><br>SAM'S EAST, INC., doing business as SAM'S CLUB,<br><br>    Defendant. | CASE NO. CV421-330 |

## O R D E R

Before the Court is Defendant Sam's East Inc. d/b/a Sam's Club's Notice of Removal. (Doc. 1.) The jurisdictional allegations contained in the notice of removal are insufficient to establish complete diversity between the parties. Accordingly, Defendant is **DIRECTED** to demonstrate within **fourteen (14) days** from the date of this order whether the Court has subject matter jurisdiction over this case.

On September 15, 2021, Plaintiff filed this negligence action in the State Court of Chatham County, Georgia, against Defendant Sam's Club. (Doc. 1, Attach. 1 at 4.) Defendant removed the case to this Court on November 18, 2021, under 28 U.S.C. §§ 1332, 1441, and 1446, alleging diversity jurisdiction. (Doc. 1 at 3-4.)

When it appears that subject matter jurisdiction may be lacking, "a federal court must inquire sua sponte into the issue[.]" Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261

(11th Cir. 2000) (citation omitted). Subject matter jurisdiction exists when the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332. Complete diversity requires that "no two adverse parties are citizens of the same state." Ranbaxy Lab'ys Inc. v. First Databank, Inc., 826 F.3d 1334, 1338 (11th Cir. 2016) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978)).

"A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (citing Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001)).

> For diversity jurisdiction purposes, a corporation is a "citizen of every State by which it has been incorporated and of the State . . . where it has its principal place of business." See 28 U.S.C. § 1332(c)(1). "Principal place of business" is a term of art with a defined legal meaning for jurisdictional purposes.

Wylie v. Red Bull North Am., Inc., 627 F. App'x 755, 757 (11th Cir. 2015) (per curiam).

With respect to Defendant's citizenship, the notice of removal simply avers that "Defendant Sam's Club East is a corporation formed under the laws of the State of Delaware. (See Exhibit "B": Certificate of Authority to Transact Business)." (Doc. 1 at 2.) The notice of removal, however, does not include

Defendant's principal place of business. Accordingly, the information in the notice of removal is insufficient to establish complete diversity.

Because the jurisdictional allegations contained in the notice of removal are insufficient to establish complete diversity, Defendant is **DIRECTED** to file an amended notice of removal within **fourteen (14) days** from the date of this order showing that federal jurisdiction exists and why this case should not be remanded for lack of subject matter jurisdiction.[1]

SO ORDERED this 3rd day of January 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court will not accept any amended notice of removal that incorporates by reference any factual allegation or argument contained in an earlier filing or that offers only a piecemeal amendment. Defendant's amended notice of removal should be a stand-alone filing that independently contains all the factual allegations necessary to establish removal is proper.